J-A10038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| LEON LEWIS | : | |
| Appellant | : | No. 3182 EDA 2022 |

Appeal from the PCRA Order Entered November 17, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0226901-1993

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| LEON LEWIS | : | |
| Appellant | : | No. 3184 EDA 2022 |

Appeal from the PCRA Order Entered November 17, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0227181-1993

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| LEON LEWIS | : | |
| Appellant | : | No. 3185 EDA 2022 |

Appeal from the PCRA Order Entered November 17, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0230231-1993

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |

J-A10038-24

<table>
<tr><td></td><td>:</td><td></td></tr>
<tr><td style="text-align:center">v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>LEON LEWIS</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td style="text-align:center">Appellant</td><td>:</td><td>No. 3186 EDA 2022</td></tr>
</table>

Appeal from the PCRA Order Entered November 17, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0226811-1993

BEFORE:   PANELLA, P.J.E., BECK, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 10, 2024**

Appellant, Leon Lewis, appeals from the order of the Court of Common Pleas of Philadelphia County that dismissed his untimely third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et seq.* He argues that the lower court erred by rejecting his claims for the application of the governmental interference and newly discovered fact exceptions to the PCRA's jurisdictional time-bar to his issue alleging a supposed *nolle prosequi* in a case that is not before this panel.  We affirm.

We previously adopted the trial court's following summary of the relevant facts for this matter:

> On November 16, 1992[,] at approximately 5:50 to 6:00 p.m., Doobie's Bar located at 2201 Lombard Street in Philadelphia was held up at gunpoint by two black males.  One of the males entered alone, inquired about a phone and was told that there was a pay phone across the street.  The male then left, but returned approximately twenty to thirty minutes later with another male. The two sat down at the bar and ordered Tangaray [*sic*] and orange juice.  After about ten to fifteen minutes one of the males

---

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

got up and went to the bathroom. The male who was still seated at the bar then pulled out a gun and announced a holdup. At about the same time the other male emerged from the kitchen holding a gun to the cook's back. The robbers then ordered everyone in the bar to [lie] down on the floor and to empty their pockets.

As Allen Hewitt, the bartender at Doobie's, started to get down on the floor, one of the males said[,] "not you big guy[,]" and directed Hewitt to take the money out of the cash register. Hewitt complied, placing all the cash in a bag. Money was taken from the patrons of the bar as well, after which everyone was ordered into the bathroom. The robbers then barricaded the bathroom door and fled.

On November 23, 1992[,] at approximately 5:00 p.m.[,] two black males entered the Cherry Street Tavern at 129 N. 22nd Street in Philadelphia, sat down at the bar[,] and ordered Tangaray [*sic*] and orange juice. The bartender, Bill Loughery, served the drinks, gave the males change[,] and went into the dining room. One of the males emerged from the bathroom, grabbed Loughery around the neck[,] and yelled for everyone in the bar to put their hands up. Both males pulled out guns. One of the robbers motioned for Loughery and David Boligitz, the other bartender, to move down to the cash register and get the money out, while the other ordered the patrons to empty their pockets. Once the money was collected, the males put everyone into the bathroom and barricaded the door.

On November 28, 1992[,] at approximately 1:15 a.m., a black male entered the Track and Turf Tavern at 4202 Chester Avenue in Philadelphia and ordered Tangaray [*sic*] and orange juice. The male was seated at the bar near the cash register for about an hour, during which time he made several phone calls. After the third call, two other black males entered the bar and joined the first male. As the bartender, Larry Hackett, was ringing up the payment for the drinks ordered by the two males, one of the males pulled [out] a gun and announced that this was a stickup. Another male held a gun to the cook, Larry Brown. The males then took money from the bartender, the cook[,] and the cash register. Once the money was collected, Hackett and Brown were taken to the bathroom where they were barricaded inside.

On November 30, 1992, Philadelphia [P]olice [D]etectives Sweeney and Williams went to Cavanaugh's Bar, located at 120 So. 23rd Street in Philadelphia, to inform the bartender of the recent robberies of bars in the area, advising him to be on the lookout for two black males wearing baseball caps and ordering Tangaray [*sic*] and orange juice. At approximately 11:30 p.m., [Appellant], co-defendant Kevin Pearsall, and one Kendrick Groover entered Cavanaugh's [B]ar and ordered two Tangarays [*sic*] and orange juice and one rum and coke. [Appellant] and Pearsall were wearing baseball caps. When the bartender saw the handle of a gun sticking out of [Appellant's] pants, he had a patron call police. Police arrived a couple minutes later, patted the males down[,] and confiscated guns from the waistbands of both [Appellant] and co[-]defendant [Pearsall], who both gave false names to police.

Police then constructed photo arrays containing pictures of [Appellant] and Pearsall which they showed to the victims of all three bar robberies. The bartender at Doobie's identified Pearsall's photo, the bartender at the Cherry Street Tavern identified both [Appellant's] and Pearsall's photos, the cook at the Track and Turf also identified both [Appellant's] and Pearsall's photos and the bartender at that bar identified Pearsall's photo. At the lineups held in this case, Anthony Holbrook, a patron of Doobie's Bar, identified [Appellant]; Deborah Hall, another Doobie's patron identified Pearsall; Patricia Brett, a Doobie's patron identified [Appellant]; Bill Loughery, the Cherry Street Tavern [bartender] identified [Appellant]; James Brennan of the Cherry Street Tavern said [Appellant] looked like one of the robbers; Larry Hackett, the bartender at the Track and Turf, identified Pearsall.

At trial in the instant case, [Appellant] was identified in court by Allen Hewitt (Doobie's), Anthony Holbrook (Doobie's), Pat Brett (Doobie's), Harriet O'Brien (Doobie's), Bill Loughery (Cherry Street), John Shattuck (Cherry Street), James Brennan (Cherry Street), Larry Hackett (Track and Turf)[,] and Larry Brown (Track and Turf).

***Commonwealth v. Lewis***, 1850 EDA 1999 (Pa. Super., filed Oct. 12, 2000) (unpublished memorandum) (quoting trial court's opinion for *nunc pro tunc* direct review, 2-5).[1]

On April 6, 1994, a jury found Appellant guilty of thirteen counts of robbery, four counts of criminal conspiracy, and six counts of carrying a firearm on public streets or public property in Philadelphia.[2] Verdict Report, 4/6/94. With respect to the events at Doobie's Bar, Appellant was found guilty of single counts of robbery (victim Pat Brett), conspiracy, and a § 6108 violation at CP-51-CR-0026811-1993, and five counts of robbery (victims Mary Ann Fisher, Deborah Hall, Anthony Holbrook, Harriet O'Brien, and Allen Hewitt) and single counts of conspiracy and a § 6108 violation at CP-51-CR-0226961-1993. ***Id.*** With respect to the events at the Cherry Street Tavern, Appellant was found guilty of five counts of robbery (victims William Loughery, David Boligitz, Steven Holmes, John Shattuck, and James Brennan) and single counts of conspiracy and a § 6108 violation. With respect to the events at the Track and Turf Tavern, Appellant was found guilty of single counts of robbery (victim Larry Hackett), conspiracy, and a § 6108 violation at CP-51-CR-0226901-1993, and single counts of robbery (victim Larry Brown), conspiracy, and a § 6108 violation at CP-51-CR-0230231-1993. ***Id.*** Lastly, with respect

_____

[1] We rely on our past memorandum for a factual summary because Appellant has failed to ensure the presence of any notes of testimony for his trial in the certified records for the various matters on appeal.

[2] 18 Pa.C.S. §§ 3701, 903, and 6108, respectively.

to the events at Cavanaugh's Bar, Appellant was found guilty of one count of a § 6108 violation at MC-51-CR-1135991-1992.[3] *Id.*

On June 3, 1994, the trial court sentenced Appellant. Our ability to confirm the exact length of Appellant's sentencing scheme is impaired by Appellant's failure to ensure the presence of any of notes of testimony for his sentencing hearing in the certified records for the cases now before us. We note that, in all our prior memorandum opinions in Appellant's former appeals before us, we referred to him having an aggregate imprisonment sentence of one hundred and twenty to two hundred and forty years. The Commonwealth, on the other hand, refers to the aggregate imprisonment sentence as totaling sixty-five to two hundred and sixty years.[4] Appellee's Brief at 2.

_____

[3] In the case at MC-51-CR-1135991-1992, Appellant's name is captioned under an alias, "Eric Petterson." In a hand-written judgment of sentence order for that case, that is attached to a memorandum of law for Appellant's third PCRA petition, the trial court addressed that case as involving "Eric Peterson [a/k/a] Leon Lewis," a variant spelling of the alias that appears in the lower court's caption for its docket for MC-51-CR-11135991-1992. Bill of Information attached as Exhibit B to Memorandum of Law, 9/11/18.

[4] While the overall length of Appellant's sentencing scheme is immaterial to our disposition of these consolidated appeals, we note that from our review of the available bills of information, original docket sheets, and court commitment sheets, we can ascertain that Appellant received imprisonment sentences of five to twenty years for each of the thirteen robbery counts. It appears that twelve of the thirteen robbery sentences were designated to be served consecutively to each other on June 3, 1994, and a remaining robbery count (bill of information #2705 at CP-51-CR-0226961-1993) was designed to be served concurrent with one of the other robbery counts (bill of information #2696 at CP-51-CR-0226961-1993) at a deferred hearing on August 23, 1995. In the five cases with Common Pleas Court docket numbers addressed *supra*, Appellant appears to have received imprisonment terms of
*(Footnote Continued Next Page)*

Appellant did not file a timely direct appeal, but on January 14, 1997, he filed a timely *pro se* first PCRA petition seeking reinstatement of his direct appeal rights *nunc pro tunc*. Following the appointment of counsel, the Commonwealth agreed to the requested reinstatement. On October 12, 2000, this Court affirmed the judgments of sentence. *Commonwealth v. Lewis*, 767 A.2d 1110 (Pa. Super. 2000) (table) (1850 EDA 1999) (*Lewis I*). On

---

two and one-half to five years for all the § 6108 violation counts and five to ten years for all of the conspiracy counts, to be served concurrent with the robbery sentence at CP-51-CR-0226811-1993 (bill of information #2681). From our review of the various certified records, it appears that Appellant's aggregate imprisonment term is sixty to two hundred and forty years.

Appellant attached as an exhibit to his memorandum of law, accompanying his *pro se* third PCRA petition, a handwritten docket entry containing a judgment of sentence order for MC-51-CR-1135991-1992, reflecting that he received a prison term of two and one-half to five years in that case that was designated to be served concurrent with the first link of the chain of consecutive robbery sentences (bill of information #2681 at CP-51-CR-00226811-1993). We note that this docket entry does not appear in any of the certified records for the captioned appeals that are presently assigned to this panel. Bill of Information attached as Exhibit B to Memorandum of Law, 9/11/18.

If the Department of Corrections has an erroneous computation of Appellant's sentence, Appellant's appropriate vehicles for redress, depending on the source of the erroneous computation, are an original action in the Commonwealth Court or a writ of *habeas corpus ad subjiciendum* with the trial court. *See Commonwealth v. Perry*, 563 A.2d 511, 512-13 (Pa. Super. 1989). In any event, even if Appellant had a related claim about the computation of his sentence in this collateral appeal it would be unreviewable for purposes of reviewing the dismissal of his PCRA petition. *Id.* at 513 ("[A] challenge to the [Department of Corrections's] computation or construction of a sentence … imposed may not be brought by a PCRA petition."); *see also Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super. 2014) (holding that a claim that the Department of Corrections failed to follow the trial court's unambiguous sentence was not cognizable under the PCRA).

- 7 -

April 4, 2001, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Lewis*, 785 A.2d 88 (Pa. 2001) (table) (699 EAL 2000).

On May 17, 2002, Appellant filed *pro se* a putative first PCRA petition, given the prior reinstatement of his direct appeal rights. Counsel was appointed and sought to withdraw from representation after filing a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court dismissed the petition without a hearing on January 9, 2003, and relieved counsel of his duty to represent Appellant on January 15, 2003. On collateral appeal, we concluded that counsel's no-merit letter was inadequate, vacated the dismissal order, and remanded for the appointment of new counsel. *Commonwealth v. Lewis*, 855 A.2d 134, (Pa. Super. 2004) (table) (496 EDA 2003) (*Lewis II*).

On April 26, 2005, new counsel filed an amended PCRA petition, whereupon Appellant sought to represent himself pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). Appellant was subsequently permitted to proceed *pro se*, and filed an amended PCRA petition that the lower court dismissed without a hearing on October 4, 2006. We affirmed on December 31, 2007. *Commonwealth v. Lewis*, 947 A.2d 827 (Pa. Super. 2007) (table) (3143 EDA 2006) (*Lewis III*). After we denied a petition for reargument on March 5, 2008, our Supreme Court denied

Appellant's petition for allowance of appeal on August 26, 2008. ***Commonwealth v. Lewis***, 955 A.2d 357 (Pa. 2008) (table) (189 EAL 2008).

On January 20, 2011, Appellant filed *pro se* a second PCRA petition which he subsequently amended. The PCRA court indicated its intent to dismiss the petition on September 30, 2011, but it failed to enter an order to that effect. Appellant thereafter filed another amended petition and the PCRA court again issued notice of its intent to dismiss on May 16, 2016. The PCRA court formally dismissed the petition as untimely on June 6, 2016. On appeal, we affirmed on November 22, 2017. ***Commonwealth v. Lewis***, 181 A.3d 441 (Pa. Super. 2017) (table) (2115 EDA 2016) (***Lewis IV***). On June 26, 2018, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Lewis***, 188 A.3d 388 (Pa. 2018) (table) (7 EAL 2018).

On August 9, 2018, Appellant filed *pro se* a third PCRA petition, which is the focus of this appeal.[5] He asserted that his due process rights were violated because he was convicted and sentenced for the § 6108 conviction at MC-51-CR-1135991-1992, even though that case was supposedly *nolle prossed*. *Pro Se* Third PCRA Petition, 8/9/18, § 5(A). In support of the claim, he stated that he requested a copy of his "DC300B commitment order" and received a copy of the court commitment sheet on December 18, 2014, which

_____

[5] For the sake of clarity, we note that Appellant included dockets numbers for four of the five cases with Court of Common Pleas docket numbers and MC-51-CR-1135991-1992 on the first page of the petition but did not reference the docket number for CP-51-CR-0226961-1993. ***See*** *Pro Se* Third PCRA Petition, 8/9/18, 1 ("INFORMATION OR INDICTMENT NUMBERS: 9302-2681, 9302-2690[,] 9302-2718, 9302-3023, MC 9211-3599").

supposedly stated that the case at MC-51-CR-1135991-1992 had been *nolle prossed*. **Id.** at § 5(B). In an accompanying memorandum of law, Appellant asserted that his claim was reviewable pursuant to governmental interference and newly discovered fact exceptions to the PCRA's jurisdictional time-bar. *Pro Se* Third PCRA Petition, 8/9/18, Attached Memorandum of Law, 3. He also asserted that even though his receipt of the commitment order, putting him on notice of the supposed basis of his claim concerning the Municipal Court case, occurred while his second PCRA petition was still pending, he needed to wait to raise it in a subsequent PCRA petition within 60 days of the order that finally resolved the litigation of the second PCRA petition.[6] **Id.** at 5-6, **citing, inter alia, Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000).

On August 4, 2022, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907 because, *inter alia*, the petition was untimely filed, and Appellant had failed to plead and prove that the cited exceptions to the PCRA's time-bar applied to his claim concerning a supposed *nolle prosequi* at MC-51-CR-1135991-1992. Rule 907 Notice, 8/4/22, 1-2. After Appellant filed a response to the Rule 907 notice, the PCRA court

_____

[6] In his memorandum of law in support of his third PCRA petition, Appellant argues numerous claims about the case at MC-51-CR-1135991-1992, none of which appear in the petition itself. For instance, he complains about the consolidation of the gun charge in that case with the other robbery cases, alleges that trial counsel was ineffective for not moving to sever the case at MC-51-CR-1135991-1992 from the other cases, maintains that the trial court lacked subject matter jurisdiction over the case at MC-51-CR-1135991-1992, and asserts that his trial counsel should have challenged the trial court's jurisdiction with regard to the firearms offense in that case. *Pro Se* Third PCRA Petition, 8/9/18, Attached Memorandum of Law, 13.

dismissed his petition as untimely on November 17, 2022. Response to Rule 907 Notice, 8/15/22, 1-5; Dismissal Order, 11/17/22, 1. On December 5, 2022, Appellant filed a timely notice of appeal that listed in its caption all five of his cases that have Court of Common Pleas docket numbers.[7]

Before proceeding with our review of the issues raised on this appeal, it is incumbent upon us to review exactly which cases of Appellant's are presently before us. This appeal addresses the November 17, 2022 order dismissing the *pro se* third PCRA petition at CP-51-CR-0226811-1993, CP-51-CR-0226901-1993, CP-51-CR-0227181-1993, and CP-51-CR-0230231-1993. We consolidated the instant appeals for those four cases *sua sponte* by way of an order issued on March 14, 2023.

---

[7] Appellant's use of multiple trial court docket numbers in the caption of his notice of appeal implicates our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (requiring appellants to file separate notices of appeal when a single order resolves issues on more than one trial court docket). Here, however, the PCRA court's order, dismissing Appellant's petition, and listing all the relevant trial court docket numbers in its caption, did not advise Appellant of his appeal rights. Accompanying the dismissal order was a notice to Appellant advising him of his right to file "a notice of appeal" within 30 days. Because the PCRA court's notice did not properly advise Appellant of his appellate rights and suggested that a single notice of appeal was adequate to invoke our jurisdiction in multiple cases of his, we conclude there was a breakdown in the court's proceedings which excuses Appellant's non-compliance with **Walker**. **See Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019) (concluding a breakdown occurs when a court misadvises appellants of their appeal rights by advising them that they can pursue appellate review by filing a single notice of appeal, even though the court is addressing cases at multiple docket numbers). Accordingly, we allow Appellant's instant consolidated appeals to proceed.

Following Appellant's filing of a *pro se* criminal docketing statement, we noticed that Appellant had filed a 2011 PCRA petition at CP-51-CR-0226961-1993, but there was no indication from the docket of that case that the 2011 petition had ever been dismissed or that counsel had been appointed for a first PCRA petition in connection with that case. Superior Court Order, 3183 EDA 2022, 3/27/23. The PCRA court, in response to our order, confirmed that the 2011 petition in that case had never been resolved and that counsel was never appointed to represent Appellant for any PCRA petition filed at that case's docket number. Superior Court Order, 3183 EDA 2022, 8/23/23. We eventually vacated the PCRA court's November 17, 2022 order as it applied to CP-51-CR-00226961-1993 only and relinquished jurisdiction over the recent appeal for that case to allow for a remand for further PCRA proceedings in that case following the appointment of counsel. Superior Court Order, 3183 EDA 2022, 9/26/23.

Appellant has an appeal pending at 1946 EDA 2023, concerning the June 23, 2023 denial of a PCRA petition at MC-51-CR-1135991-1992, in which his name is captioned under the alias, "Eric Petterson."[8] The same attorney appointed to represent Appellant in the further PCRA proceedings at CP-51-CR-0226961-1993, currently represents Appellant with respect to 1946 EDA 2023. In that appeal, counsel appears to have filed a pending **Turner**/**Finley** brief, along with a petition to withdraw as counsel. Appellant requested the

_____

[8] Appellant refers to this alias as a false name he gave to the arresting officer in the Cavanaugh's Bar case. Appellant's Brief at 20.

- 12 -

consolidation of the appeal at 1946 EDA 2023 with the *sub judice* four consolidated appeals because the appeals "raise identical claims and arise out of a [c]onsolidated [t]rial docket." Application for Relief, 10/5/23, 1. We denied that request in a *per curiam* order. Superior Court Order, 3182 EDA 2022, 2/23/24, 1.

Appellant presents the following questions for our review:

1. Did the PCRA [c]ourt err when denying Appellant's timely PCRA petition which entitled [him] to enumerated exceptions under [42 Pa.C.S. § 9545(b)(1)(i)-(ii)]?

2. Did the PCRA [c]ourt err, and commit reversible error when it dismissed Appellant's petition without the benefit of a properly conducted evidentiary hearing to correct the many inaccuracies within the record therefore being unable to render a fully informed legal opinion?

3. Did the Commonwealth's attorney perpetrate a knowing misrepresentation to the [c]ourt when they failed to disclose the fact that MC-9211-3599 was Nolle Prosequi to the defense, when it was presented to the trial [c]ourt and knew it was inherently false in nature?

Appellant's Brief at VI.

In his first issue, Appellant alleges that he discovered that the Commonwealth withheld information from him reflecting that his case at MC-51-CR-1135991-1992 had been *nolle prossed* and, despite that, the Commonwealth let him be convicted and sentenced for an offense at that case. Appellant's Brief at unnumbered pages between VII and VIII. He equates this

scenario with a ***Brady***[9] violation.  ***Id.***  He notes that he raised his claim concerning this supposed violation in a post-conviction petition which he filed within sixty days of the conclusion of the litigation of his second PCRA petition where he discovered his basis for his claim during the litigation of the second PCRA petition.  ***Id.*** at 6-8.  He claims that the governmental interference and newly discovered fact exceptions to the PCRA's jurisdictional time-bar apply to permit review of his claim concerning the supposed ***Brady*** violation.  Appellant's Brief at 8.

In Appellant's second issue in which he argues for his entitlement to an evidentiary hearing, he suggests that the firearms charge at MC-51-CR-1135991-1992 not only had been *nolle prossed*, but that it had never been submitted to the jury for a verdict at his trial which included his robbery cases.  Appellant's Brief at 13 ("This case never went to the jury."), 19 ("at no time over the last 30 years has the [A]ppellant had to defend against a case **Caption Com v Eric Petterson MC-51-CR-1135991-1992**") (emphasis in original).  To prove the existence of the *nolle prosequi*, he attaches, *inter alia*, a two-page court commitment sheet for his robbery conviction at CP-51-CR-0230231-1993 as Exhibit G to his brief.  Appellant's Brief at 17 & attached Exhibit G.

In the last issue, Appellant argues his substantive ***Brady*** claim.  He asserts that the Commonwealth: "(1) failed to disclose this MC-9211-3599

---

[9] ***Brady v. Maryland***, 373 U.S. 83 (1963).

[c]harge had been [*nolle prossed*;] (2) [f]ailed to correct the records when this case was falsely admitted into [A]pellant['s] trial[; and] (3) [f]ailed to reveal that there was no preliminary hearing on this charge, no recognized exception to not have a preliminary [hearing], there [was] no preliminary hearing, [and] there could be no Bill of [I]nformation." Appellant's Brief at 20. By doing this, Appellant reasons that the Commonwealth improperly included the Municipal Court docket number case with the charges at his robbery trial. *Id.* ("So by law the Commonwealth knew or should have known that this MC-9211-3599 could not be properly before the Common Pleas Court."). Appellant assumes that this made the gun recovered in that case admissible in the robbery cases and then argues that the gun recovered from him at Cavanaugh's Bar was not admissible and was unduly prejudicial in his robbery cases. *Id.* at 20-21 ("None of this testimony was admissible in Appellant's robbery trial … this testimony was extremely prejudicial.").

As for the application of his cited time-bar exceptions, Appellant argues that he acted with due diligence because he had no reason to search out records for a *nolle prosequi* because he assumed that the trial court and officers of the court were permitted to convict and sentence him of the firearm charge at MC-51-CR-1135991-1992. Appellant's Brief at 22.

Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). Thus, "[t]he PCRA

court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa. Super. 2012) (citation omitted). Here, the PCRA court dismissed the petition as untimely because Appellant failed to plead and prove the applicability of any exception to the PCRA's time-bar to his substantive claim concerning a supposed *nolle prosequi*. PCRA Court Opinion, 12/29/22, 1-3. We agree with the PCRA court's analysis but also conclude that Appellant is not entitled to relief for additional reasons.

Before addressing the possible existence of the lower court's jurisdiction to entertain Appellant's substantive claim, we note that Appellant's substantive claim is entirely based on the propriety of his conviction and sentence at MC-51-CR-1135991-1992. That case is not on appeal before us and is pending further briefing at 1946 EDA 2023. Even assuming that we could reach his substantive claim, this panel would not have jurisdiction to upset the conviction or sentence at MC-51-CR-1135991-1992. Even in the broadest sense, however, we fail to understand how success on the substantive claim raised would affect the robbery cases on appeal because the existence of a firearm charge at MC-51-CR-1135991-1992 in connection with the recovery of the gun at Cavanaugh's Bar was not a prerequisite for admission of that gun in the pursuit of the robbery convictions in the cases which are on appeal before this panel. ***See, e.g., Commonwealth v. Christine***, 125 A.3d 394, 400 (Pa. 2015) (under the "similar-weapon exception" to Pa.R.E. 404(b), the fact that "the accused had a weapon or

implement suitable to the commission of the crime charged… is always a proper ingredient of the case for the prosecution. … The only burden on the prosecution is to lay a foundation that would justify an inference by the finder of fact of the likelihood that the weapon was used in the commission of the crime.") (citations omitted).

Moreover, any defect with a preliminary hearing at MC-51-CR-1135991-1992 was rendered immaterial by the fact that Appellant was tried and convicted of the firearm offense in that case.[10]  **_See Commonwealth v._**

---

[10] To the extent that Appellant alleges in his brief that the case at MC-51-CR-1135991-1992 "never went to the jury" and he never had to defend against that case, **_see_** Appellant's Brief at 13, 19, we would direct him, in the absence of notes of testimony for his trial, to the last count of the jury's verdict sheet which reflects the rendering of a verdict in that case:



Verdict Report, 4/6/94, 3.

*Sanchez*, 82 A.3d 943, 984 (Pa. 2013) ("Nor is the purpose of a preliminary hearing to prove a defendant's guilt. Indeed, once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial."); ***Commonwealth v. Jackson***, 849 A.2d 1254, 1257 (Pa. Super. 2004) (same).

Even if the case at MC-51-CR-1135991-1992 was properly before us, it is obvious from the attachments to Appellant's brief that he is ineligible for post-conviction relief in that case. To be eligible for collateral relief, a PCRA petitioner must plead and prove by a preponderance of the evidence that, *inter alia*, "at the time relief is granted," he or she is currently "serving a sentence of imprisonment, probation or parole **for the crime**." 42 Pa.C.S. § 9543(a)(1)(i) (emphasis added); ***see also Commonwealth v. Briggs***, 2020 WL 2919335, *8 (Pa. Super., filed June 3, 2020) (noting that "PCRA relief is offense specific, so that when a defendant is no longer serving a sentence for the crime at issue, he is no longer eligible for relief from that conviction") (cited for persuasive value pursuant to Pa.R.A.P. 126(b)(2)). As soon as a sentence is completed, a PCRA petitioner becomes ineligible for relief. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997).

Appellant attached as Exhibit H to his brief a copy of the trial court's handwritten judgment of sentence order at MC-51-CR-1135991-1992 which reflects that he received an imprisonment term of two and one-half to five years in that case to run concurrently "with CP9302-2681" which is a reference to the robbery sentence at CP-51-CR-0226811-1993, which was the first link

on a chain of twelve consecutive imprisonment terms of five to twenty years. Appellant also attached as Exhibit G to his brief a court commitment sheet for the robbery sentence at CP-51-CR-0226811-1993 that indicates the effective date for that sentence was June 3, 1994, with credit for time served starting on January 27, 1993. Including the credit for time served, Appellant thus finished serving any sentence at MC-51-CR-1135991-1992 on January 27, 1998. Since Appellant is no longer serving any sentence at MC-51-CR-1135991-1992, the PCRA court would have been constrained in any event to deny any underlying PCRA petition seeking to upset the conviction and sentence in that case. *Cf. Commonwealth v. Turner*, 80 A.3d 754, 769-70 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition); *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997) ("This Court has since interpreted the [PCRA] to preclude relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence.").

In any event, this Court would lack jurisdiction to conduct any substantive review due to the untimeliness of Appellant's petition for PCRA relief and his failure to plead and offer to prove the applicability of any statutory time-bar exception that would permit review of the petition.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless an exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1). Here,

Appellant was sentenced for all but one of his convictions on June 3, 1994, and was sentenced on the remaining open bill of information for robbery at CP-51-CR-0226961-1993 on August 23, 1995. After his direct appeal rights were reinstated *nunc pro tunc*, this Court affirmed his judgments of sentence on October 12, 2000, and our Supreme Court denied a related petition for allowance of appeal on April 4, 2001. His judgments of sentence therefore became final on July 3, 2001, upon the expiration of Appellant's ninety-day deadline for filing a petition for writ of *certiorari* with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking review); U.S.Sup.Ct.R. 13 (setting the deadline for seeking *certiorari*). Appellant thus would have had until July 3, 2002, to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1) (setting general one-year deadline for filing a timely PCRA petition following a judgment of sentence becoming final). Appellant did not file his instant PCRA petition until August 9, 2018.

"[I]t is now a well-settled principle of law that if a PCRA petition is untimely, a trial court has **no jurisdiction** to entertain the petition." **Commonwealth v. Hutchins**, 760 A.2d 50, 53 (Pa. Super. 2000) (emphasis added). To obtain review of his untimely PCRA petition, Appellant was required to plead and prove the applicability of one of three statutory exceptions that are found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, pursuant to 42 Pa.C.S. § 9545(b)(2), he needed to plead and prove that the petition was filed within one year of the date his claims for time-bar exceptions

"could have been presented." Here, he invoked the time-bar exceptions at 42 Pa.C.S. § 9545(b)(1)(i)-(ii) which provide as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution of or laws of the United States; [and]

> (ii) the facts upon which claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b)(1)(i)-(ii).

We agree with the PCRA court that Appellant failed to meet his burden to plead and prove the applicability of the cited time-bar exceptions. First, we find that he did not satisfy his burden of showing that he raised his time-bar exception claims with the requisite due diligence. For instance, we have noted that for the newly discovered fact exception at Section 9545(b)(1)(ii), it:

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly willing source for previously known facts.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted); **see also Commonwealth v. Burton**, 121 A.3d 1063, 1071 (Pa. Super. 2015) (*en banc*) (stating that "due diligence

requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to undercover facts that may support a claim for collateral relief."). In order for a defendant to establish the applicability of the governmental interference exception, a petitioner must plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. ***Commonwealth v. Kennedy***, 266 A.3d 1128, 1135 (Pa. Super. 2021), *citing **Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

Here, Appellant offers no explanation why he could not have obtained his court commitment sheet from the date of his 1994 sentencing hearing any earlier than 2014 with the exercise of due diligence. Moreover, because the court commitment sheet from CP-51-CR-0226811-1993 has been part of the record for that case since the time of his 1994 sentencing hearing, he can hardly claim that the Commonwealth interfered with his ability to present a claim concerning the disposition of his case at MC-51-CR-1135991-1992.

In any case, a proper review of the documents attached to Appellant's brief undermine his arguments that a *nolle prosequi* at MC-51-CR-1135991-1992 was a newly discovered fact for him that the Commonwealth supposedly withheld from him. The court commitment sheet upon which Appellant bases his claim does not support the notion that the entire case at MC-51-CR-1135991-1992 was *nolle prossed*. Instead, it simply suggests that a charge

pursuant to 18 Pa.C.S. § 6106 was *nolle prossed* in that case, rather than the charge pursuant to 18 Pa.C.S. § 6108 for which the jury found him guilty:

Brief for Appellant, Exhibit G, Court Commitment Sheet for Robbery Charge at CP-51-CR-02226811-1993. The specific notation of "6106" next to the docket number for MC-51-CR-1135991-1992 suggests at most that only a charge under Section 6106 was *nolle prossed* in that case. Appellant's attachment of the criminal complaint for MC-51-CR-1135991-1992 as Exhibit E to his brief reflects that there were two different "VUFA" charges in that case to begin with:

Brief for Appellant, Exhibit C, Criminal Complaint for MC-51-CR-1135991-1992. While the section number for the "VUFA" charge on the left is difficult to read, it is consistent with the existence of at least two initial firearm charges in that case, as is the preliminary arraignment report for that case which Appellant attached to his brief as Exhibit F. The preliminary arraignment report references in its comment section, "VUFA (X2)." Brief for Appellant, Exhibit F, Preliminary Arraignment Report for MC-51-CR-1135991-1992.

Properly viewing the various attachments to Appellant's brief, it appears that Appellant is under the mistaken belief that his entire case at MC-51-CR-1135991-1992 had been *nolle prossed.* His proffer in support of his substantive claim merely suggests that there had been two firearm offenses charges in that case and, while a Section 6106 charge had been *nolle prossed*, a Section 6108 charge continued onto trial and a jury convicted him of that charge. It does not support the notion that a *nolle prosequi* of the entire case at MC-51-CR-1135991-1992 had occurred and was supposedly hidden from him by the Commonwealth.

The PCRA court properly dismissed Appellant's third PCRA petition as untimely. The documents proffered in support of Appellant's claim belie the applicability of the cited time-bar exceptions. Even if there was jurisdiction to review his substantive claim, it entirely involves a case that is not before this panel. Appellant is no longer entitled to PCRA relief in that case because he is no longer serving a sentence in that case and a hypothetical grant of relief

in that case would not disturb his convictions or sentences in the cases that are presently before this panel.

Order affirmed.

PJE Panella joins the memorandum.

Judge Beck files a concurring memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2024